IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, SECOND DISTRICT

| | | |
|---|---|---|
| ROSELYN TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no. 22 CV 03457 |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| PAMCO PRINTED TAPE & LABEL CO. | ) | **TRIAL BY JURY** |
| INC. D/B/A PAMCO LABEL CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

ROSELYN TORRES ("Torres"), by her undersigned counsel and complaining of Defendant PAMCO PRINTED TAPE & LABEL CO. INC. D/B/A PAMCO LABEL CO., INC., a Resource Label Group Company ("Pamco"), hereby states and alleges as follows:

### BACKGROUND

1. Torres is an Illinois citizen, residing at all times relevant hereto in Naperville, Illinois and working, when she was employed by Pamco, in Des Plaines, Illinois.

2, Pamco is a foreign corporation with its principal place of business in Illinois located at 2200 South Wolf Road, Des Plaines, Illinois 60018.

3. The registered agent for Pamco in Illinois is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1331 as this matter involves claims under 42 U.S.C. §1981, etc., Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000 *et. seq*.), and

5.  Venue is proper in this jurisdiction under 28 U.S.C. §1391(b) as all the actions complained of herein took place within this District and the plaintiff is a resident of this District.

6.  Torres timely filed her charge for discrimination with EEOC within 300 days of when the parties reached an impasse over her employment and she was compelled to surrender her position rather than continue to suffer undue harassment and a hostile work environment at Pamco. *See* Ex. 1.

7.  Pamco continued retaliating against Torres thereafter in its refusal to provide her with her last paycheck, including commissions and other compensation that was otherwise due and payable because she refused to accept how she was being treated by company management and other employees.

8.  This case is, in turn, being filed within 90 days of the EEOC's issuance of its Right to Sue letter. *See* Ex. 2.

9.  Torres is a Latinx woman in her 40s (her mother was Columbian).

10. On information and belief, at all times relevant hereto, Pamco employed more than 14 but less than 100 employees.

**COUNT ONE: RACIAL DISCRIMINATION UNDER SECTION 1981
AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1-10. Torres incorporates Background ¶¶1-10 as ¶¶1-10 of this Count One.

11. While she was at Pamco, everyone in sales and upper management was male, except for her and one other woman who her Vice President repeatedly flirted with and who thus enjoyed better treatment from management than Torres.

12. For most of the time she worked there, a great many of the men she worked with

used sexist language or were otherwise harassing.

13.     Although it is not her name, she was also constantly called "Rosa" by her white co-workers (once even in a writing from the Finance Manager), something people made clear in their tone was because she was the only employee there of Latinx descent.

14.     She was also repeatedly asked by her co-workers, in the course of their harassment of her, whether she shouldn't be working "in the back" with others of her same "heritage," or in customer service.

15.     On one occasion, when Human Resources arranged an employee appreciation lunch at which they served tacos, several workers in the office joked around about how "these people" should be "sick of tacos, they eat that all the time."

16.     While these kinds of digs and harassment proved common in what Torres realized early on was a hostile work environment at Pamco, her complaints about this conduct went unheeded and nothing was ever done about it.

17.     She complained directly to her superior, at one point, a Vice President in his mid 50s who was often apologetic and said he would "talk to" people about her concerns, but who then never actually followed through on such promises.

18.     That same supervisor specifically admitted at one point that the only other Latinx woman in sales and upper management, the woman he often flirted with at her desk, had been "hired... to add diversity."

19.     What Torres got when she complained was retaliation. She got responses like that of her Supervisor of Production, who yelled at her and some of the Latinx workers in the factory to "not speak Spanish around him, we speak English in this country."

20. She was retaliated against both in how she was treated and in her compensation. While everyone else in sales was reimbursed for cell phone use, she was not.

21. The Customer Service Rep who her Vice President flirted with was promoted and given leads that Roselyn should have but never actually got (the Marketing Department being told not to give her any leads).

22. Indeed, Torres was one of very few employees who was required to come back in to work at the office despite being a single mom during the pandemic (she has one adult child and one who is roughly six years of age). During this period, despite a lot of office space being empty and ordinances in place in Chicago to limit an employer's ability to engage in such conduct, she was required to work in a space with a man who had Covid.

23. When she was finally forced out after talking with management for almost a week about whether she should come back to work after the last time she was harassed, the company refused to give her the remainder of her vacation pay or her outstanding commissions.

24. Torres was the victim of racist behavior while she worked with the company and was retaliated against when she dared to complain.

25. Race was not just a motivating factor in how Pamco's management treated her. Instead, it was clear from what they did and what they admitted that Pamco's management treated her differently because she was Latinx and that she would have been treated differently if it were not for her race.

26. This disparate treatment, on the part of Pamco's management and Torres' co-workers, ultimately resulted in her losing her position with Pamco and being unemployed for a period of time thereafter.

27. Torres suffered such professional setbacks, a related loss of income, personal stress and anxiety and other damages as a result of the aforesaid conduct and Pamco's management, when she complained about this treatment, did nothing to rectify the situation.

28. Pamco acted with malice and/or with reckless indifference to Torres' federally protected rights justifying an award of exemplary or punitive damages in this case.

WHEREFORE, ROSELYN TORRES ("Torres"), by her undersigned counsel and complaining of Defendant PAMCO PRINTED TAPE & LABEL CO. INC. D/B/A PAMCO LABEL CO., INC., a Resource Label Group Company ("Pamco"), respectfully requests that this Court enter judgment in favor of Torres and as against Pamco in such amount as the trier of fact deems just and reasonable for compensatory and punitive damages, together with interest pursuant to statute, her costs of suit, attorneys fees, and such additional relief as the Court deems just and proper or to which Torres is otherwise entitled as a matter of law.

### COUNT TWO: HOSTILE WORK ENVIRONMENT
### (RACIAL DISCRIMINATION)

1-28. Torres incorporates ¶¶1-28 of Count One as ¶¶1-28 of this Count Two.

29. For the reasons aforesaid, the work environment in which Torres was compelled to work for Pamco as a Latinx woman was both subjectively and objectively offensive.

30. Torres was subjected to constant harassment on account of her race.

31. That harassment was severe and pervasive in that its frequency was so constant as to prove a constant distraction, it created a threatening and humiliating environment for her, it unreasonably interfered with her work performance, and it was both countenanced and often encouraged by management.

5

WHEREFORE, ROSELYN TORRES ("Torres"), by her undersigned counsel and complaining of Defendant PAMCO PRINTED TAPE & LABEL CO. INC. D/B/A PAMCO LABEL CO., INC., a Resource Label Group Company ("Pamco"), respectfully requests that this Court enter judgment in favor of Torres and as against Pamco in such amount as the trier of fact deems just and reasonable for compensatory and punitive damages (in excess of $75,000), together with interest pursuant to statute, her costs of suit, attorneys fees, and such additional relief as the Court deems just and proper or to which Torres is otherwise entitled as a matter of law.

### COUNT THREE: HOSTILE WORK ENVIRONMENT
### (SEXUAL HARASSMENT)

1-31. Torres incorporates ¶¶1-31 of Count Two as ¶¶1-31 of this Count Three.

32. The work environment at Pamco was also objectively and subjectively offensive inasmuch as the only other Latinx woman working in a similar position to Torres received favorable treatment, despite Torres' objections, because her supervisor enjoyed being able to openly flirt with her in the office.

33. This conduct was severe and pervasive and continued despite Torres' complaints about how she was being treated.

WHEREFORE, ROSELYN TORRES ("Torres"), by her undersigned counsel and complaining of Defendant PAMCO PRINTED TAPE & LABEL CO. INC. D/B/A PAMCO LABEL CO., INC., a Resource Label Group Company ("Pamco"), respectfully requests that this Court enter judgment in favor of Torres and as against Pamco in such amount as the trier of fact deems just and reasonable for compensatory and punitive damages (in excess of $75,000),

together with interest pursuant to statute, her costs of suit, attorneys fees, and such additional relief as the Court deems just and proper or to which Torres is otherwise entitled as a matter of law.

## COUNT FOUR: VIOLATIONS OF ILLINOIS WAGE AND PAYMENT COLLECTION ACT

1-33.   Torres incorporates ¶¶1-33 of Count Three as ¶¶1-33 of this Count Four.

34.   820 ILCS 115/3 provides in part as follows:

"Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. Wages of executive, administrative and professional employees, as defined in the Federal Fair Labor Standards Act of 1939, may be paid once a month. Commissions may be paid once a month."

35.   820 ILCS 115/5 further provides that:

"Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

36.   820 ILCS 115/9.5(a) further provides that:

"An employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer. As used in this Section, 'necessary expenditures' means all reasonable expenditures or losses required of the employee in the discharge of employment duties and that inure to the primary benefit of the employer."

37.   820 ILCS 115/14 provides in part as follows:

"(a) Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a... civil action, ...the amount of any such under payments and damages of 5% of the amount of any such under payments for each month following the date of payment during which such under payments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees....

"(c) ...An employee who has been unlawfully retaliated against shall be entitled to recover... in a civil action, ...all legal and equitable relief as may be appropriate. In a civil

action, such employee shall also recover costs and all reasonable attorney's fees."

38. Torres was due to be paid approximately $2,000 for vacation and personal days accrued as of November 13, 2020, when she should have received her last paycheck and payment for those amounts.

39. She was due a like amount in commissions and just over $1800 in reimbursement for cell phone use under 820 ILCS 115/9.5(a).

40. Torres is thus due a minimum of $5,800 in wages, commissions and cost reimbursement, together with interest at the rate of 5% per annum, her attorneys fees, and costs incurred.

41. Torres has demanded payment on these claims but those claims have been ignored.

42. Despite these repeated demands, Pamco has refused and continues to refuse to pay Torres the amounts due to her under the Illinois Wage and Payment Collection Act.

43. That Pamco's conduct was retaliatory, at least in part, justifies Torres' recovering such additional legal and equitable relief as the trier of fact may deem just and reasonable under 820 ILCS 115/14.

WHEREFORE, ROSELYN TORRES ("Torres"), by her undersigned counsel and complaining of Defendant PAMCO PRINTED TAPE & LABEL CO. INC. D/B/A PAMCO LABEL CO., INC., a Resource Label Group Company ("Pamco"), respectfully requests that this Court enter judgment in favor of Torres and as against Pamco in such amount as the trier of fact deems just and reasonable for compensatory and punitive damages (in excess of $75,000), together with interest pursuant to statute, her costs of suit, attorneys fees, and such additional

relief as the Court deems just and proper or to which Torres is otherwise entitled as a matter of law.

## COUNT FIVE: RETALIATION

1-43. Torres incorporates ¶¶1-43 of Count Four as ¶¶1-43 of this Count Five.

44. By complaining to HR that she was being discriminated against on account of her age, and by refusing to come back to work unless the company changed the ways in which she was being treated there, Torres exercised rights granted to her under the applicable law.

45. On information and belief, Pamco refused to pay Torres' final check, just as it had engaged in increasingly more severe and harassing conduct while she was with the company, in retaliation as aforesaid.

WHEREFORE, ROSELYN TORRES ("Torres"), by her undersigned counsel and complaining of Defendant PAMCO PRINTED TAPE & LABEL CO. INC. D/B/A PAMCO LABEL CO., INC., a Resource Label Group Company ("Pamco"), respectfully requests that this Court enter judgment in favor of Torres and as against Pamco in such amount as the trier of fact deems just and reasonable for compensatory and punitive damages (in excess of $75,000), together with interest pursuant to statute, her costs of suit, attorneys fees, and such additional relief as the Court deems just and proper or to which she is otherwise entitled as a matter of law.

    Respectfully submitted,

    ROSELYN TORRES

    By:    /s/ Ted A. Donner
          One of her Attorneys

Ted A. Donner
DONNER & COMPANY LAW OFFICES LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 588-1131
tdonner@donnerco.com

Received EEOC-CDO 09/03/2021



1125 Wheaton Oaks Court
Wheaton, Illinois 60187
Phone 630-588-1131
Fax 630-682-1131

www.donnerco.com

**BY FACSIMILE TO (312) 588-1260**
**AND BY OVERNIGHT COURIER**

September 1, 2021

Julianne Bowman, Director
Gregory M. Gochanour, Regional Attorney
Equal Employment Opportunity Commission
Chicago District Office
JCK Federal Building
230 South Dearborn Street
Chicago, Illinois 60604
*Telephone: (800) 669-4000*

      Re:    *Roselyn Torres v. PAMCO Printed Tape & Label Co. Inc.*
             *D/B/A Pamco Label Co., Inc., a Resource Label Group Company*
             *EEOC CHARGE OF DISCRIMINATION*

Dear Director Bowman and Mr. Gochanour:

      Please note for your records that we represent Roselyn Torres with regard to the above referenced charge which she is hereby asserting for racial discrimination as against *PAMCO Printed Tape & Label Co. Inc. D/B/A Pamco Label Co., Inc., a Resource Label Group Company*(the "Company").

### I. PARTIES, RELEVANT DATES AND BACKGROUND INFORMATION

      Roselyn is 43 years old and Latinx (her mother was Columbian). She was wrongfully forced to leave her position with the company after she finished her last day on November 6, 2020 and this claim is being timely filed within 300 days of that resignation.

      Roselyn's personal contact information is as follows:

# Received EEOC-CDO 09/03/2021

Roselyn Torres
2691 Showplace Drive Unit 203
Naperville Illinois 60564

███████████████

The name, address, and telephone number of her employer, which at the time is believed to have employed in excess of 200 employees, is as follows (we were unable to locate an email address):

PAMCO Printed Tape & Label Co. Inc. D/B/A Pamco Label Co., Inc.
A Resource Label Group Company
2200 South Wolf Road
Des Plaines, Illinois 60018
*phone: (847) 803-2200 / fax: (847) 803-2209*

*Registered Agent:*
Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, Illinois 62703

*President*
Michael Apperson
Resource Label Group LLC
147 Seaboard Lane
Franklin, Tennessee 37067

The company describes itself on LinkedIn as follows: "Pamco Label Company, a subsidiary of Resource LabelGroup, LLC, is a prime label and narrow web film converter with facilities in Chicago, Nashville, Memphis, Boston, Los Angeles and Toronto. Company size: 201-500 employees."

## II. DESCRIPTION OF DISCRIMINATORY CONDUCT

Roselyn's employment ended on November 6, 2020, when she was finally pressured out of the company following a period of harassing and retaliatory conduct. A woman in Human Resources at the time in fact acknowledged that, while there was nothing she could do about the problems Roselyn had been complaining about, she was herself a victim of the company's discrimination and she thought, for Roselyn, "there was a case."

Roselyn had complained directly to her superior, a Vice President in his mid 50s, and he had been sometimes apologetic saying he would "talk to" people about her concerns, but he never followed through. He did, on the other hand, specifically admit at one point that a woman

2

Received EEOC-CDO 09/03/2021

he often flirted with at her desk had been "hired... to add diversity" (this was otherwise a largely white male working environment).

Roselyn was one of very few employees who was required to come back in to work at the office despite being a single mom during the pandemic (she has one adult child and one who is roughly six years of age). During this period, despite a lot of office space being empty, she was required to work in a space with a man who had Covid.

Everyone in sales and upper management was male, except for her and the woman her Vice President flirted with, and many of the men used sexist language around or were otherwise harassing. She was called "Rosa" (once even in a writing from the Finance Manager) despite the fact that her name isn't Rosa – and that happened with some frequency because she was the only employee there of Latinx descent. She was often asked by her co-workers, in the course of their harassment of her, whether she shouldn't be working "in the back" with others of her same heritage, or in customer service. When Human Resources arranged an employee appreciation lunch, several workers in the office joked around about how "these people" should be "sick of tacos, they eat that all the time."

These kinds of digs were commonplace but nothing was ever done about them, despite her complaints. What Roselyn got instead for her complaint was retaliation. She got responses like that of the Supervisor of Production, who yelled at her and some of the Latinx workers in the factory to "not speak Spanish around him, we speak English in this country." While everyone else in sales was reimbursed for cell phone use, she was not. The Customer Service Rep who her Vice President flirted with was promoted and given leads that Roselyn should have but never actually got (the Marketing Department being told not to give her any leads). When she was finally forced out, the company failed to give her the remainder of her vacation pay or her outstanding commissions.

In sum, Roselyn was the victim of racist and sexist behavior while she worked with the company and was retaliated against when she dared to complain.

Please let us know if you need any additional information to proceed with the investigation into this claim. Our office will be happy to facilitate any effort you may undertake and, please know, our client is willing to mediate this dispute if that possibility should be available at some time in the future. In the meantime, we hope you and yours are staying safe at home.

                        Best regards,

                        *Ted A. Donner*

                        Ted A. Donner

Received EEOC-CDO 09/03/2021

## VERIFICATION

The undersigned hereby verifies, pursuant to 28 U.S.C. §1746 as follows: I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Roselyn Torres

Dated: 8/2/21

4

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street ,
Chicago ,Illinois ,60604
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Roselyn Torres
c/o Ted Donner
Donner & Company Law Offices LLC
1125 Wheaton Oaks Ct.
Wheaton, Illinois 60187

Charge No: 440-2021-06365

EEOC Representative and email:   Jana Diamond
Investigator
jana.diamond@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2021-06365.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman
4/5/2022

Julianne Bowman
District Director

**Cc:** PACMO PRINTED TAPE & LABEL CO. INC.

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 440-2021-06365 to the District Director at Julianne Bowman, 230 S Dearborn Street Chicago, IL 60604. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)